# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHNNY JONES,

     Plaintiff

v.

BARTH, et al.,

     Defendants

Case No.: 3:21-cv-00028-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to update his contact information or otherwise prosecute this action.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) The court screened his amended complaint, and the court allowed him to proceed with an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant Barth, as well as an Eighth Amendment conditions of confinement claim against defendants Howard, Cosby, and Thompson. (ECF No. 18.) Barth and Howard filed an answer. (ECF Nos. 52, 55.) Cosby was dismissed without prejudice for lack of timely service. (ECF No. 68.)[1]

---

[1] On July 5, 2022, the court ordered the Deputy Attorney General (DAG) to file a notice indicating whether an effort had been made to attempt to obtain a physical last known address for defendant Thompson. (ECF No. 39.) The DAG filed a notice that the only known address is a post office box. (ECF No. 47.) To date, Thompson has not been served.

When Plaintiff initiated this action, he was housed at High Desert State Prison (HDSP). On October 21, 2022, he filed a notice of change of address indicating his new location at Ely State Prison (ESP). (ECF No. 59.)

On March 1, 2023, Barth and Howard filed a motion for summary judgment. (ECF No. 69.)

On April 12, 2023, a notice of change of Deputy Attorney General was filed, and it was returned as undeliverable, noting Plaintiff was transferred back to HDSP. (ECF Nos. 74, 75.) On April 14, 2023, the court gave Plaintiff 14 days, until April 28, 2023, to file a notice of change of address. He was cautioned that a failure to do so may result in dismissal of the action or other sanction deemed appropriate by the court under Local Rule IA 3-1. The order was served electronically on Plaintiff at both ESP and HDSP. (ECF No. 76.)

To date, Plaintiff has not filed a notice of change of address. Nor has he otherwise indicated an intent to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). Local Rule IA 3-1 authorizes the court to impose a sanction, including dismissal, when a party fails to notify the court of updated contact information.

Plaintiff has not updated his contact information, despite the fact that the record demonstrates he is aware of the rule and has updated his contact information in the past. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to update his contact information or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) and Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motions (ECF Nos. 69, 70).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 9, 2023

_____
Craig S. Denney
United States Magistrate Judge